[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION FOR SUSPENSION OF PROSECUTION
Before the court is the defendant, Brenda E. Crelan's motion for suspension of prosecution and order of treatment pursuant to General Statutes §§ 17a-695 and 17a-696. The defendant is charged with violation of the following provisions of the Connecticut General Statutes: § 14-227a, driving under the influence of alcohol, § 14-236, failure to drive in the proper lane, and § 14-96c, improper tail lamps. According to the defendant, she was alcohol dependent at the time of these crimes. The state's attorney opposes the defendant's motion for suspension of prosecution.
Pursuant to General Statutes § 17a-696 (b), in order for this court to order suspension of prosecution and order treatment for alcohol dependency, it must consider information before it concerning the alcohol dependency of the defendant, including the CADAC examination report, and it must find that (1) the accused person was alcohol dependent at the time of the crime, (2) the person presently needs and is likely to benefit from treatment for the dependency, and (3) suspension of prosecution will advance the interests of justice. Section 17a-696 (a) states, in relevant part, that the aforementioned provision shall not apply to any person charged with a violation of section 14-227a, but that the court may waive such ineligibility provision for any person.
Briefly stated, the relevant allegations are that on October 17, 1997, the defendant was operating her motor vehicle in the north bound lane of Route 8 while under the influence of alcohol. Upon being pulled over by a police officer, the defendant allegedly used profanity and was unable to stand-up by herself in order to undergo standardized field sobriety tests. Eventually the police officer was able to administer standardized field sobriety tests which resulted in the defendant's arrest for driving under the influence.
The CADAC evaluation report reveals that the defendant meets the criteria for chemical substance dependence. Based on the defendant's claim that she did not drink any alcohol since the alleged incident, the report recommends outpatient treatment for the defendant.
In considering all of the information before it, this court finds that the defendant was alcohol dependent at the time of the alleged crime. As well, the CADAC evaluation report supports the conclusion that the defendant is in need of treatment for her dependency. This court, however, is unable to find that the defendant will likely benefit from such treatment. The defendant CT Page 4086 has not demonstrated that outpatient treatment will have a beneficial effect on her dependency. As well, the record shows that in 1984 the defendant participated in a court ordered alcohol education program which had no beneficial effect on her dependency. Moreover, the defendant has not presented a justification for why this court should waive the ineligibility provision of General Statutes § 17a-696 (a). Thus, this court is unable to find that suspending prosecution will advance the interests of justice. Accordingly, the defendant's motion for suspension of prosecution is denied.
BY THE COURT
Peter Emmett Wiese, Judge